# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# [SOUTHERN DIVISION]

TIFFANY MCNEIL,

    *Plaintiff,*

v.

LEWIS EASTMEAD, *et al.,*

    *Defendants.*

Case No. 17-cv-01085

Hon. Robert J. Jonker

_____/

| | |
|---|---|
| EXCOLO LAW, PLLC<br>Solomon M. Radner (P73653)<br>*Attorney for Plaintiff*<br>26700 Lahser Road, Suite 401<br>Southfield, MI 48033<br>(866) 939-2656<br>sradner@excololaw.com<br><br>James E. Tamm (P38154)<br>Richard V. Stokan, Jr. (P61997)<br>*Attorneys for Defendant Eastmead*<br>40701 Woodward Ave, Suite 105<br>Bloomfield Hills, MI 48304<br>(248) 433-2000<br>jetamm@odtlegal.com | PLUNKETT COONEY<br>Michael S. Bogren (P34835)<br>*Attorney for Defendants Schoenauer, Sumbal, Pyles, Sergent & Coldwater*<br>950 Trade Centre Way, Suite 310<br>Kalamazoo, MI 49002<br>(269) 226-8822<br>mbogren@plunkettcooney.com<br><br>Allan C. Vander Laan (P33893)<br>Bradley C. Yanalunas (P80528)<br>*Attorneys for Defendants Branch County, Brauker, Nichols and Waterbury*<br>2851 Charlevoix Dr SE, Suite 237<br>Grand Rapids, MI 49546<br>avanderlaan@cmda-law.com |

_____/

## **AMENDED JOINT STATUS REPORT**

    NOW COME the parties, by and through their respective counsel and pursuant to this Honorable Court's Order Setting Rule 16 Scheduling Conference

1

and Scheduling Conference scheduled for **May 22, 2018 at 4:00 p.m.**, submit the following Joint Status Report.

Appearing for the parties as counsel will be:

- **Solomon M. Radner** on behalf of the Plaintiff, Tiffany McNeil.

- **Michael S. Bogren** on behalf of the Defendants, Matthew Schoenauer, Suleiman Sumbal, Frederick Pyles, Scott Sergent and the City of Coldwater.

- **James E. Tamm** or **Richard V. Stokan, Jr.** on behalf of Defendant Lewis Eastmead.

- **Allan Vander Laan** or **Bradley Yanalunas** on behalf of Defendants Branch County, Travis Brauker, Austin Nichols and Eric Watterbury.

1. **JURISDICTION**

    Jurisdiction is appropriate in the United States District Court, Western District of Michigan, Southern Division, and is uncontested. Jurisdiction is based on federal question as contemplated by 28 U.S.C. § 1331, which extends jurisdiction of all civil actions arising under the "constitution, laws and treaties of the United States" to federal courts. The federal law at issue in this instance is 42 U.S.C. § 1983, as alleged in Plaintiff's Complaint.

2. **JURY OR NON-JURY**

    This case is to be tried before a jury.

3. <u>**JUDICIAL AVAILABILITY**</u>

The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>**STATEMENT OF THE CASE**</u>

   A. **PLAINTIFF'S POSITION**

This is a 42 U.S.C. § 1983 civil rights case involving several police officer Defendants who were acting under the color of law through their course of employment with the City of Coldwater. On July 24, 2017, Plaintiff was placed under arrest after a domestic incident at Plaintiff's marital home, without incident, and was delivered to the Branch County Jail by Defendants for processing. Once in the sally port of the jail, Plaintiff, who was remained in handcuffs since being placed in them at her home during the time of the arrest, was placed face-first against the wall by Defendant Eastmead. After exchanging some words, Defendant Eastmead grabbed Plaintiff by the hair, spun her around, and slammed her to the concrete ground, face-first, without provocation. Eastmead continued to knee Plaintiff's lifeless body several times in the back while she laid on the ground, unconscious, with blood pooling under her face. Plaintiff was not being combative or resisting in any

way prior to the take-down, and Defendant Eastmead used brutally excessive and completely unnecessary force against Plaintiff for no reason other than to intentionally inflict pain. The assault resulted in Plaintiff losing consciousness requiring hospitalization, and she suffered a large laceration near her eyebrow which required 20 stitches to close. The remaining Defendant officers failed to intervene and prevent such malicious misconduct. The municipality Defendant failed to implement policies to properly train, monitor and supervise its officers, to prevent such misconduct. Plaintiff's five count Complaint sets for claims under 42 U.S.C. § 1983 and the Fourteenth Amendment for excessive use of force, unreasonable seizure, abuse of process/malicious prosecution, failure to intervene, and finally, a municipality liability claim under *Monell.*

B. **DEFENDANTS' POSITION**

**Defendant Eastmead:**

Defendant Lewis Eastmead relies upon his Answer and Affirmative Defenses to Plaintiff's Complaint. Defendant Eastmead denies ever intending to violate any of Plaintiff's constitutional or statutory rights and furthermore that Plaintiff's constitutional and statutory rights were never violated. Defendant Eastmead further asserts that Plaintiff's civil rights claims are

barred by qualified immunity and her state law claims are barred by governmental immunity.

### **Defendants Coldwater, Schoenauer, Sumbal, Pyles and Sergent:**

The claims against the individual defendants Schoenauer, Sumbal, Pyles and Sergent fail as these defendants did not violate any of plaintiff's constitutional rights, nor were any of their actions in violation of state law. The claim of failure to intervene fails as the defendants did not have any meaningful opportunity to intervene. The individual defendants are also entitled to dismissal on the basis of qualified immunity.

The claims against the City of Coldwater fail as the plaintiff cannot prove any custom, policy or practice existed that was the proximate cause of any constitutional violation.

### **Defendants Branch County, Brauker, Nichols and Waterbury:**

The claims against the individual defendants Brauker, Nichols and Waterbury fail as these defendants did not violate any of plaintiff's constitutional rights, nor were any of their actions in violation of state law. The claim of failure to intervene fails as the defendants did not have any meaningful opportunity to intervene. The individual defendants are also entitled to dismissal on the basis of qualified immunity.

The claims against the County of Branch fail as the plaintiff cannot prove any custom, policy or practice existed that was the proximate cause of any constitutional violation.

5. **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

The parties expect to file all motions for joinder of parties to this action by **April 1, 2018**. The parties stipulate that Plaintiff may file an amended complaint by **April 1, 2018**.

6. **DISCLOSURES AND EXCHANGES**

   (i) Fed.R. Civ.P. 26(a)(1) disclosures shall be made by the parties by **May 30, 2018**.

   (ii) The Plaintiff expects to be able to furnish the names of his primary expert witnesses by **September 30, 2018;** Defendants expect to be able to furnish the names of their primary expert witnesses by **October 30, 2018;** Rebuttal expert witnesses, if any, will be provided to the opposing party by **November 15, 2018**.

   (iii) It would be advisable in this case to exchange any written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2). Reports, if required, should be exchanged as follows: **Plaintiff to Defendants 120 days before trial. Defendants to Plaintiff 90 days before trial.**

   (iv) The parties have agreed to make available the following documents without the need of a formal request for production: **all documents identified in Rule 26 disclosures.**

7. **DISCOVERY**

The parties believe that all discovery proceedings can be completed by **December 15, 2018**. The parties recommend the following discovery plan:

(i) The subjects on which discovery may be needed include liability, damages, affirmative defenses, and all other issues that may arise in the course of discovery.

(ii) Discovery need not be conducted in phases.

(iii) The limitations contained in Fed. R. Civ. P. 33(a)(1) should apply to both interrogatories and requests for admission. limitations on discovery are recommended by the parties at this time.

(iv) No modifications are necessary in this case regarding the time limits for depositions (one day for seven hours).

8. **MOTIONS**

The parties acknowledge that W.D. Mich. L Civ R 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party: Motion for Summary Judgment.

The parties anticipate that all dispositive motions will be filed by **March 15, 2019**.

9. **ALTERNATIVE DISPUTE RESOLUTION**

The parties are agreeable to discussing voluntary non-binding facilitation, however, at this time it is Plaintiff's view that alternative dispute resolution, arbitration, early facilitation/mediation and early Settlement Conference, are not in the best interest of the parties hereto. The Coldwater defendants disagree that early ADR is not in the parties' best interest and suggest that early ADR is appropriate in this case.

10. **LENGTH OF TRIAL**

Counsel estimate the trial will last approximately **four** days total, allocated as follows: **two** days for Plaintiff's case, **two** days for Defendant's case.

11. **PROSPECTS OF SETTLEMENT**

The parties have not yet engaged in settlement negotiations to date.

12. **ELECTRONIC DOCUMENT FILING SYSTEM**

The parties acknowledge that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically by means of the Court's CM/ECF filing system and will abide by the requirements of this rule.

                                Respectfully Submitted,

                                EXCOLO LAW, PLLC

Dated: May 18, 2018          By:  */S/ Solomon M. Radner*
                                          SOLOMON M. RADNER (P73653)
                                          *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby affirm that on **May 18, 2018**, I caused the foregoing document to be filed electronically with the United States District Court and that a copy of document was served on all counsel of record through the Court's CM/ECF system.

*/s/ Solomon M. Radner*
Solomon M. Radner (P73653)